**FORM 9**
**APPLICATION FOR ACCESS TO INFORMATION UNDER PROTECTIVE ORDER BY OUTSIDE OR INSIDE COUNSEL**
United States Court of Federal Claims

| | | |
|---|---|---|
| TIN MILLS PROPERTIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08-375C |
| | ) | |
| v. | ) | Judge Eric G. Bruggink |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**APPLICATION FOR ACCESS TO INFORMATION UNDER PROTECTIVE ORDER BY OUTSIDE OR INSIDE COUNSEL**

1. I, Brian D. Gallagher, hereby apply for access to protected information covered by the Protective Order issued in connection with this proceeding.

2. a. I, Brian D. Gallagher, am an attorney with the law firm of Steptoe & Johnson, PLLC and have been retained to represent Glenmark Holding Limited Liability Company, an intervener in this proceeding.

b. I [inside counsel] am in-house counsel (my title is:_________________)
for ___________________________, a party to this proceeding.

3. I am [] am not[X] a member of the bar of the United States Court of Federal Claims (the court). (Application pending)

4. My professional relationship with the party I represent in this proceeding and its personnel is strictly one of legal counsel. I am not involved in competitive decision making as discussed in *U.S. Steel Corp. v. United States,* 730 F.2d 1465 (Fed. Cir. 1984), for or on behalf of the party I represent, any entity that is an interested party to this proceeding, or any other firm that might gain a competitive advantage from access to the information disclosed under the Protective Order. I do not provide advice or participate in any decisions of such parties in maters involving similar corresponding information about a competitor. This means that I do not, for example, provide advice concerning, or participate in decisions about, marketing or advertising strategies, product research and development, product design or competitive structuring and composition of bids, offers, or proposals with respect to which the use of protected information could provide a competitive advantage.

5. I, Brian D. Gallagher, identify here (by writing "none" or listing names and relevant circumstances) those attorneys in my firm who, to the best of my knowledge, cannot make the representations set forth in the preceding paragraph: _none_.

6. I identify here (by writing "none" or listing names, position, and responsibilities) and member of my immediate family who is an officer or holds management position with an interested party to the proceeding or with any other firm that might gain a competitive advantage from access to the information disclosed under the Protective Order.

______None______________________________________________

7. I identify here (by writing "none" or identifying the name of the forum, case number, date, and circumstances) instances in which I have been denied admission to a protective order, had admission revoked, or have been found to have violated a protective order issued by any administrative or judicial tribunal.

None

8. I [inside counsel] have attached a detailed narrative providing the following information:

a. my position and responsibilities as in-house counsel, including my role in providing advice in procurement-related matters;
b. the person(s) to whom I report and their position(s) and responsibilities;
c. the number of in-house counsel at the office in which I work and their involvement, if any, in competitive decision making an in providing advice in procurement-related matters;
d. my relationship to the nearest person involved in competitive decision making (both in terms of physical proximity and corporate structure); and
e. measures taken to isolate me from competitive decision making and to protect against the inadvertent disclosure of protected information to persons not admitted under the Protective Order.

9. I have read the Protective Order issued by the court in this proceeding. I will comply in all respects with that order and will abide by its terms and conditions in handling any protected information produced in connection with the proceeding.

10. I acknowledge that a violation of the terms of the Protective Order may result in the imposition of such sanctions as may be deemed appropriate by the court and in possible civil and criminal liability.

***

By my signature, I certify that, to the best of my knowledge, the representations set forth above (including attached statements) are true and correct.

[signature] 6/4/08

Signature Date Executed

Brian D. Gallagher- Member
Typed Name and Title

(304) 598-8106
Telephone Number

(304) 598-8126
Fax Number

[signature] 6/4/08

Signature of Attorney of Record     Date Executed

Brian D. Gallagher- Member
Type Name and Title

(304) 598-8106
Telephone Number

(304) 598-8126
Fax Number

**FORM 9**
**APPLICATION FOR ACCESS TO INFORMATION UNDER PROTECTIVE ORDER BY OUTSIDE OR INSIDE COUNSEL**
United States Court of Federal Claims

| | | |
|---|---|---|
| TIN MILLS PROPERTIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | No. 08-375C |
| | ) | |
| v. | ) | Judge Eric G. Bruggink |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**APPLICATION FOR ACCESS TO INFORMATION UNDER PROTECTIVE ORDER BY OUTSIDE OR INSIDE COUNSEL**

1. I, William E. Galeota, hereby apply for access to protected information covered by the Protective Order issued in connection with this proceeding.

2. a. I, William E. Galeota, am an attorney with the law firm of Steptoe & Johnson, PLLC and have been retained to represent Glenmark Holding Limited Liability Company, an intervener in this proceeding.

b. I [inside counsel] am in-house counsel (my title is:_________________) for ___________________________, a party to this proceeding.

3. I am [] am not[X] a member of the bar of the United States Court of Federal Claims (the court). (Application pending)

4. My professional relationship with the party I represent in this proceeding and its personnel is strictly one of legal counsel. I am not involved in competitive decision making as discussed in *U.S. Steel Corp. v. United States,* 730 F.2d 1465 (Fed. Cir. 1984), for or on behalf of the party I represent, any entity that is an interested party to this proceeding, or any other firm that might gain a competitive advantage from access to the information disclosed under the Protective Order. I do not provide advice or participate in any decisions of such parties in maters involving similar corresponding information about a competitor. This means that I do not, for example, provide advice concerning, or participate in decisions about, marketing or advertising strategies, product research and development, product design or competitive structuring and composition of bids, offers, or proposals with respect to which the use of protected information could provide a competitive advantage.

5. I, William E. Galeota, identify here (by writing "none" or listing names and relevant circumstances) those attorneys in my firm who, to the best of my knowledge, cannot make the representations set forth in the preceding paragraph: _none_.

6. I identify here (by writing "none" or listing names, position, and responsibilities) and member of my immediate family who is an officer or holds management position with an interested party to the proceeding or with any other firm that might gain a competitive advantage from access to the information disclosed under the Protective Order.

_______None_______________________________________________

7. I identify here (by writing "none" or identifying the name of the forum, case number, date, and circumstances) instances in which I have been denied admission to a protective order, had admission revoked, or have been found to have violated a protective order issued by any administrative or judicial tribunal.

None

8. I [inside counsel] have attached a detailed narrative providing the following information:

a. my position and responsibilities as in-house counsel, including my role in providing advice in procurement-related matters;
b. the person(s) to whom I report and their position(s) and responsibilities;
c. the number of in-house counsel at the office in which I work and their involvement, if any, in competitive decision making an in providing advice in procurement-related matters;
d. my relationship to the nearest person involved in competitive decision making (both in terms of physical proximity and corporate structure); and
e. measures taken to isolate me from competitive decision making and to protect against the inadvertent disclosure of protected information to persons not admitted under the Protective Order.

9. I have read the Protective Order issued by the court in this proceeding. I will comply in all respects with that order and will abide by its terms and conditions in handling any protected information produced in connection with the proceeding.

10. I acknowledge that a violation of the terms of the Protective Order may result in the imposition of such sanctions as may be deemed appropriate by the court and in possible civil and criminal liability.

***

By my signature, I certify that, to the best of my knowledge, the representations set forth above (including attached statements) are true and correct.

William E Galeota (by RDG)
Signature

6/4/08
Date Executed

William E. Galeota-Member
Typed Name and Title

(304) 598-8109
Telephone Number

(304) 598-8116
Fax Number

William E. Galeota (b,BO6) 6/4/08

Signature of Attorney of Record Date Executed

William E. Galeota- Member

Type Name and Title

(304) 598-8109

Telephone Number

(304) 598-8116

Fax Number